UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDRES BRAUD                                                    CIVIL ACTION

VERSUS                                                          NO: 23-713

FIRST AMERICAN TITLE
GUARANTY COMPANY                                                SECTION: "H"

ORDER AND REASONS

    Before the Court is Defendant Fidelity National Title Insurance Company's Motion to Dismiss (Doc. 6). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

    On December 10, 2021, Plaintiff Andres Braud purchased property located at 6021 Tchoupitoulas Street, New Orleans, Louisiana (the "Property"). In conjunction with that purchase, Plaintiff secured title insurance from Defendant Fidelity National Title Insurance Company ("the Policy"). Plaintiff alleges that when he purchased the Property a wooden fence of a neighboring property owned by Marc and Kathy Bernstein was encroaching inside the boundaries of the Property ("the Old Fence Encroachment"). Specifically, the

fence encroached three inches in the front of the Property and nine and one-half inches in the rear. In April 2022, the Bernsteins removed the encroaching fence and began to erect a new fence that Plaintiff alleges encroached even further onto the Property ("the New Fence Encroachment"). Plaintiff alleges that the new fence encroached on the Property by more than a foot.

Plaintiff submitted a claim to Defendant for defense and coverage under the Policy for both the Old and New Fence Encroachments. Fidelity denied coverage. Thereafter, Plaintiff filed suit against the Bernsteins in the Civil District Court for the Parish of Orleans. In response, the Bernsteins asserted a peremptory exception of acquisitive prescription. On November 2, 2022, the state court found that the New Fence Encroachment did not encroach any further than the Old Fence Encroachment and that the Bernsteins had acquisitively prescribed the area through 30 years of possession. Plaintiff has appealed that ruling.

Thereafter, Plaintiff filed the instant action against Defendant arguing that it breached its obligations under the Policy by failing to pay for the loss. Defendant now moves to dismiss Plaintiff's claims, arguing that coverage is excepted or excluded under the Policy for both the Old and New Fence Encroachments.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

"plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Defendant argues that the Policy does not provide coverage for either the Old Fence Encroachment or the New Fence Encroachment because of several exceptions and exclusions. Because the Policy was attached to the Motion to Dismiss and is central to Plaintiff's claims, this Court will consider the language therein to resolve Defendant's Motion.

Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of

---

[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

contracts set forth in the Louisiana Civil Code."[8] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[9] "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion."[10] "The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent."[11]

First, Defendant argues that the Policy excepts coverage for the Old Fence Encroachment either because (1) the Bernsteins' claim arose out of possession or (2) the Bernsteins' encroachment would have been disclosed by a land survey. Indeed, the Policy excepts from coverage any loss resulting from "[r]ights or claims of parties in possession not shown by the Public Records" and "[a]ny encroachment . . . that would be disclosed by an accurate and complete land survey of the Land."[12] The Bernsteins' claim to the Property encroached upon by their fence arose by acquisitive prescription—or possession for a certain number of years[13]—and therefore was not shown on the public record but would have been revealed—and in fact was revealed—by

---

[8] Mayo v. State Farm Mut. Auto. Ins. Co., 869 So. 2d 96, 99 (La. 2004).
[9] LA. CIV. CODE art. 2046.
[10] Carrier v. Reliance Ins. Co., 759 So. 2d 37, 43 (La. 2000).
[11] *Mayo*, 869 So. 2d at 99–100.
[12] Doc. 6-2.
[13] LA. CIV. CODE art. 3446 ("Acquisitive prescription is a mode of acquiring ownership or other real rights by possession for a period of time."); *see also* LA. CIV. CODE arts. 3473–88.

a land survey. Plaintiff does not dispute that the Policy exempts coverage for the Old Fence Enchroachment.

Second, Defendant argues that the Policy excludes coverage for the New Fence Encroachment because it occurred after the Policy Date of December 13, 2021. Plaintiff does not dispute this point either. Rather, Plaintiff argues that the Policy provides several instances in which coverage extends to risks occurring after the Policy Date and that coverage for the New Fence Encroachment falls within one of these covered risks. Specifically, Plaintiff points to Covered Risk #5 of the Policy, which provides coverage if "[s]omeone else has a right to limit Your use of the land" even if such occurs after the Policy Date.[14] Plaintiff contends that the Bernsteins' encroaching fence limits his use of the Property.

Under the clear language of Covered Risk #5 and the facts alleged by Plaintiff, however, the Bernsteins do not have a *right* to limit his use. Rather, Plaintiff alleges that they are impermissibly encroaching on his Property above and beyond the encroachment for which they assert acquisitive prescription. Further, the Policy expressly and specifically excludes coverage for a fence erected after the Policy Date. Covered Risk #28 provides coverage if "Your neighbor builds any structures after the Policy Date—*other than boundary walls or fences*—which encroach onto the Land."[15] Accordingly, the Policy does not provide coverage for the New Fence Encroachment. Because the Policy did not provide coverage, Defendant was likewise under no obligation to provide

---

[14] Doc. 6-2.
[15] *Id.* (emphasis added).

5

Plaintiff with a defense in his action against the Bernsteins.[16] Given the clear terms of the Policy, this Court finds that amendment of Plaintiff's Complaint to attempt to state a claim would be futile.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 1st day of November, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Id.* ("We will defend Your Title in any legal action only as to that part of the action which is based on a Covered Risk and which is not excepted or excluded from coverage in this Policy.").